UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                              Plaintiff,

Case #10-CR-6096-FPG

v.

DECISION & ORDER

ANGELO OCASIO,

                              Defendant.

---

By text order of Hon. Charles J. Siragusa, entered on March 1, 2011, this case was referred to United States Magistrate Judge Jonathan W. Feldman, pursuant to 28 U.S.C. § 636(b)(1)(A)-(B). Dkt. #75. As part of a Second Superceding Indictment involving multiple defendants and alleging a drug conspiracy occurring from 1993 through March 2, 2011 (Dkt. #268), Defendant has been charged with one count of narcotics conspiracy in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(D), and one count of possession and discharge of a firearm in furtherance of a drug crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2.

Defendant filed a motion to suppress statements he allegedly made to police on March 3, 2011. Dkt. ##205, 408. A suppression hearing was held on May 21, 2012, and oral arguments were heard from the Government and defense counsel. Dkt. #249. Thereafter, on May 30, 2012, Defendant filed post-hearing submissions (Dkt. #254) and, on June 6, 2012, the Government filed its post-hearing submissions in opposition (Dkt. #257). On May 7, 2013, Magistrate Judge Feldman filed a Report and Recommendation (Dkt. #431), recommending that this Court deny Defendant's motion to suppress statements attributed to him. Defendant filed Objections to the

Magistrate's Report and Recommendation on May 21, 2013. Dkt. #433. On May 30, 2013, the Government filed its Memorandum in Opposition to Defendant's Objections. Dkt. #441.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a de novo determination of those portions of the Magistrate Judge's Report and Recommendation to which objections have been made. Under this provision, "[a] judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* Upon a de novo review of the Report and Recommendation, and a review of Defendant's Objections to the Magistrate Judge's Report and Recommendation, the Government's Memorandum in Opposition to the Defendant's Objections, the digital recording of the oral arguments made during the motion hearing held on May 21, 2012, the written submissions of the parties, as well as their motion papers, I find no basis to alter, modify or reject the Magistrate Judge's Report and Recommendation.

The Magistrate Judge recommended denial of Defendant's motion to suppress his statements to police investigators on March 3, 2011, rejecting the underlying, three bases: namely, that these statements were taken in violation of his Fifth and Sixth Amendment rights because: (1) he was in custody and was not advised of his *Miranda* rights before being interrogated by law enforcement; (2) he had requested an attorney but was not provided one; and (3) he had legal representation on the state law charges and was improperly questioned about the forthcoming federal charges while he was being held on the State charges.

Regarding the first issue, the Magistrate Judge, observing that "[i]t is well settled that that police may not interrogate a suspect who has been taken into custody without first advising him of his *Miranda* rights," determined that while there was no dispute that the police engaged in a custodial interrogation, there was no evidence that a violation of Defendant's Fifth Amendment rights occurred. In so doing, the Magistrate Judge found credible the testimony of Investigators

2

Cassidy and Donovan that *Miranda* warnings were read verbatim to the Defendant prior to any questioning, and further determined that the fact that the card from which those rights were read verbatim could not be located did not lessen the credible nature of their testimony. Additionally, the Magistrate Judge, after carefully considering Defendant's testimony that his *Miranda* rights were never read to him during the March 3, 2011 interview by law enforcement and he asked investigators for an attorney that day, did not find this testimony "particularly credible when evaluated in light of the other hearing testimony." Furthermore, the Magistrate Judge ruled that through the credible testimony of these investigators, the Government produced sufficient evidence to establish that the defendant was read his *Miranda* rights, understood the *Miranda* warnings and chose to give up his rights and agreed to speak with the police investigators.

Defendant specifically objects to the Magistrate Judge's proposed determinations resolving any credibility issues in favor of Investigators Cassidy and Donovan in reaching its decision that *Miranda* warnings were properly given to Defendant prior to any questioning by law enforcement. Upon review of the record, this Court sees no reason to disturb the Magistrate Judge's credibility findings. It has been held that while a district court has discretion to accept a magistrate judge's credibility findings with respect to witnesses' testimony based on the written record, it may not reject these findings without conducting an evidentiary hearing at which the district judge has the opportunity to observe the witnesses and evaluate their credibility firsthand. *U.S. v. Widner*, 2010 WL 4861508 at *1 (W.D.N.Y. 2010) (Larimer. J.), (citing *In re Karten*, 293 Fed.Appx. 734, 736 (11th Cir. 2008) ("The Supreme Court has held that a district judge has broad discretion to accept a magistrate's credibility findings without hearing witness testimony, in the criminal suppression hearing context, consistent with due process"); *Cullen v. United States*, 194 F.3d 401 (2d Cir.1999) ("without an evidentiary hearing, the District Court could not reject the Magistrate Judge's proposed credibility finding").

Objecting to recommended denial of the motion to suppress the alleged statements on the ground that they were taken in violation of Defendant's right to counsel under the Sixth Amendment, Defendant posits that the Magistrate Judge should have concluded that his statements were illegally obtained because police investigators were aware that he was being held on state charges and the underlying reasons therefor; following his arrest on federal charges, they sought to question him "in order to avoid the protection that legal representation would provide, causing unnecessary and unreasonable delay and ignoring his request for a lawyer.

Finding that police investigators questioned Defendant at the Public Safety Building while he was being held on state charges, but that he neither had been arraigned on the federal charges, nor had an initial appearance before a federal judge, nor hired or been assigned[1] an attorney to represent him on the federal charges, the Magistrate Judge determined that no violation of Defendant's Sixth Amendment right to counsel occurred because "[t]he Sixth Amendment right to counsel is offense specific and does not attach until a prosecution is commenced." *See McNeil v. Wisconsin*, 501 U.S. 171, 175 (1991) ("The Sixth Amendment right, however, is offense specific. It cannot be invoked once for all future prosecutions, for it does not attach until a prosecution is commenced."); *United States v. Gouveia*, 467 U.S. 180, 188 (1984) (confirming that "the right to counsel does not attach until the initiation of adversary judicial proceedings"). The Supreme Court more recently in *Rothgery v. Gillespie*, 554 U.S. 191, 213 (2008), instructed as follows:

> We merely affirm what we have held before and what an overwhelming majority of American jurisdictions understand in practice: a criminal defendant's initial appearance before a judicial officer, where he learns the charge against him and his liberty is subject to restriction, marks the start of adversary judicial proceedings that trigger attachment of the Sixth Amendment right to counsel.

---

[1] CM/ECF records contain a docket entry on March 3, 2011 reflecting the appointment of Attorney Gilbert Perez as counsel for the defendant after the Magistrate Judge reviewed the CJA 23 Financial Affidavit submitted by Defendant. Dkt. #60, 64.

4

Thus, the Magistrate Judge's recommendation to deny the motion to suppress Defendant's statements based upon a Sixth Amendment violation of the right to counsel reflects a well-reasoned analysis of facts and application of the relevant law.

Accordingly, the Court accepts and adopts the Report and Recommendation filed by United States Magistrate Judge Jonathan W. Feldman. Dkt. #431. Defendant's motion to suppress statements attributed to him (Dkt. ##205, 408), is hereby denied in all respects.

IT IS SO ORDERED.

Dated: Rochester, New York
June 28, 2013

_____
HON. FRANK P. GERACI, JR.
United States District Judge